IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2101-D

| | | |
|---|---|---|
| ENOC ALCANTARA-MENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SARA M. REVELL, | ) | |
| | ) | |
| Respondent. | ) | |

On May 27, 2011, Enoc Alcantara-Mendez ("Alcantara-Mendez" or "petitioner") filed a petition for writ of habeas corpus [D.E. 1] pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks leave to proceed in forma pauperis [D.E. 2]. On June 27, 2011, in response to the court's order [D.E. 3], Alcantara-Mendez filed an amended petition [D.E. 4]. On February 15, 2012, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and dismissed the petition without prejudice for failure to exhaust administrative remedies [D.E. 5]. On February 23, 2012, Alcantara-Mendez filed a motion for reconsideration [D.E. 7]. On April 26, 2012, Alcantara-Mendez sought information concerning the status of his motion for reconsideration [D.E. 8].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth

---

[1] Alcantara-Mendez also named United States Attorney Rosa E. Rodriguez-Velez as a respondent; however, the proper respondent to a habeas petition is the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). Thus, the court dismisses the claims against Rodriguez-Velez.

Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

When Alcantara-Mendez filed his petition, he was confined at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), pending civil commitment proceedings brought against him by the government pursuant to 18 U.S.C. § 4246. [D.E. 4] 2–3; see United States v. Alcantara-Mendez, No. 5:11-HC-2178-BR (E.D.N.C.).[2] Alcantara-Mendez is required to first exhaust other available remedies to be eligible for habeas corpus relief under section 2241. See [D.E. 5] 2 (collecting cases). Alcantara-Mendez acknowledges that he has not exhausted administrative remedies, but relies on 28 U.S.C. § 2254(b)(1)(B)(I) and cites "an absence of available... corrective process[]" because the District of Puerto Rico twice ordered his commitment pursuant to 18 U.S.C. § 4241 "without informing [him] of the right and time to take an interlocutory appeal" in order to allow him to exhaust administrative remedies. Mot. [D.E. 7] 1–2. Alcantara-Mendez's reliance on section 2254 lacks merit. See Gonzalez v. United States, No. 09-cv-02184-BNB, 2009 WL 4110276, at *1 (D. Colo. Nov. 24, 2009) (noting that section 2254 is not available to federal pretrial detainees). As for Alcantara-Mendez's argument that he was unable to appeal his section 4241 commitment, the Fourth Circuit has rejected a similar argument that judicial review was unavailable

---

[2] On March 12, 2012, the court committed Alcantara-Mendez to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(d). Alcantara-Mendez, No. 5:11-HC-2178-BR, [D.E. 26] (E.D.N.C. Mar. 12, 2012).

2

in a commitment action. See, e.g., Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010), cert. denied, 131 S. Ct. 2938 (2011). Indeed, Alcantara-Mendez has appealed his section 4246 commitment. See Alcantara-Mendez, No. 5:11-HC-2178-BR, [D.E. 29] (E.D.N.C. Apr. 4, 2012). Thus, Alcantara-Mendez has not cited any recent change in the controlling law, any newly discovered evidence, or any clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent that Alcantara-Mendez seeks relief under Federal Rule of Civil Procedure 60(b), his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... [or] fraud ..., misrepresentation, or misconduct by an opposing party ...." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from setting aside the judgment. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Alcantara-Mendez has failed to establish a meritorious claim or defense. Thus, Alcantara-Mendez fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES petitioner's motion for reconsideration [D.E. 7].

SO ORDERED. This 22 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge

3